BIRZNIEKS v COOPER

1. Vendor and Purchaser—Land Contracts—Default—Statutory Construction—Redemption Period—Statutes.

   A statute which provides a 90-day period for redemption after default on a land contract is to be strictly construed according to its clear and plain meaning; this statute requires the actual receipt of tender by the vendor before the time set for issuance of the writ of restitution, in order for the vendee to redeem the property (MCLA 600.5744; MSA 27A.5744).

2. Vendor and Purchaser—Land Contracts—Default—Redemption Period—Mail—Statutes.

   A defendant land contract vendee, after defaulting on a land contract, had not complied with the statutory provision for redemption where the defendant's checks for the arrearage were put in the mail and postmarked on the last day of the statutory period (MCLA 600.5744; MSA 27A.5744).

3. Vendor and Purchaser—Land Contracts—Period of Redemption—Forfeiture—Equity.

   A 90-day grace period for redemption after a buyer's default on a land contract is equitable enough despite the concept that "equity abhors a forfeiture".

4. Vendor and Purchaser—Land Contracts—Default—Redemption Period—Good Faith—Equity.

   A land contract vendee who was in default has not made a good faith attempt to "do equity to get equity" where he waited until the last day of the statutory redemption period to mail checks for the arrearage, which were written on an out-of-state bank, to the plaintiff's attorney who lived in the same town as the defendant.

Appeal from Kalamazoo, Donald T. Anderson, J. Submitted June 7, 1976, at Grand Rapids. (Docket No. 25262.) Decided August 4, 1976. Leave to appeal applied for.

Reference for Points in Headnotes
[1–4] 77 Am Jur 2d, Vendor and Purchaser § 423.

Complaint in district court by Peter and Ella Birznieks against Thomas L. Cooper to recover possession after forfeiture of a land contract. Default judgment for plaintiffs. Defendant appealed to circuit court. The district court judgment was affirmed. Defendant appeals by leave granted. Affirmed.

*Wickett, Erickson & Beach, P. C.,* for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block),* for defendant.

Before: R. B. BURNS, P. J., and M. J. KELLY and S. S. HUGHES,* JJ.

S. S. HUGHES, J. Defendant appeals the circuit court's denial of his motion to quash a writ of restitution restoring possession of two houses to plaintiffs for defendant's failure to make due payments as assignee on a land contract.

Defendant fell well over $1,000 behind in his payments of $75 per month; testimony was adduced that defendant had paid no money whatsoever for many months. The district court entered a default judgment for plaintiffs on November 1, 1973, and informed defendant that, pursuant to MCLA 600.5744; MSA 27A.5744, his equity of redemption would expire upon execution of the writ of restitution 90 days later, January 31, 1974.

On January 30, 1974, the last day that defendant could redeem the parcels, he mailed a letter to plaintiffs' attorney. The letter was received February 1 and returned unopened. When opened at a district court hearing on March 1, 1974, the letter was found to contain two personal checks of de-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

fendant drawn on a Park Ridge, Illinois, bank constituting payment in full on the arrearage. Defendant testified without refutation as to his recollection that plaintiffs' attorney had told him to mail the checks. Plaintiff Peter Birznieks testified without refutation that numerous of defendant's past checks had been late and/or dishonored and that plaintiffs had been expressly refusing to accept defendant's checks for one to two years. The district judge held as follows:

"The Court finds that the previous course of dealings between the parties was such that Defendant should have been well aware of the fact that personal checks on an out of state bank would not be acceptable and we hold that such checks do not constitute legal tender * * * . Granting for the moment, by way of argument, that the checks might have been legal tender, it is also my opinion that placing them in the mail on the last day for redemption was not timely payment within the required time."

We first consider the district judge's determination that the payments were not timely. MCLA 600.5744; MSA 27A.5744 reads in relevant part:

"(6) When the judgment for possession is for nonpayment of money due under a tenancy or for nonpayment of moneys required to be paid under or any material breach of an executory contract for purchase of the premises, the writ of restitution shall not issue if, *within the time provided,* the amount as stated in the judgment, together with the taxed costs, is paid to the plaintiff and other material breaches of an executory contract for purchase of the premises are cured." (Emphasis added.)

Defendant analogizes to insurance contracts and service of process in contending that the "mailbox rule" should be applied such that his payments

should be deemed received as of the date post-marked.

We disagree. This case significantly differs from defendant's examples by involving a *judgment* and a fixed period prescribed by *statute* within which the right of redemption must be exercised. While no cases appear to construe the specific statutory section at issue herein, the Supreme Court, in construing the parallel provisions of MCLA 600.3140; MSA 27A.3140, forthrightly held in *Gordon Grossman Building Co v Elliot,* 382 Mich 596, 603; 171 NW2d 441, 444 (1969), that "absent some unusual circumstances" the statute should be strictly construed:

"This Court must follow the clear and plain meaning of the statute.

"We accept as a general rule that the right to redeem under present statutes is a legal right and can neither be enlarged nor abridged by the courts." 382 Mich at 603.

We hold that "the clear and plain meaning" of the "within the time provided" language of MCLA 600.5744; MSA 27A.5744 requires actual receipt of tender before the time set for issue of the writ of restitution.

Additionally, we see no reason in the record to disagree with the district judge's factual determination that the previous course of dealings between the parties established that defendant "had no rational basis, in the Court's opinion, to believe that a personal check or checks on an out of state bank would be accepted if they were tendered". Whether or not such uncertified personal checks were legal tender is basically irrelevant in light of their clear *insufficiency* as tender herein. Plaintiffs who had refused with cause to accept $75 personal

checks from the defendant could not reasonably be expected to accept two checks totalling more than $1,300.

We think it appropriate to add an observation concerning the maxim that "equity abhors a forfeiture". The record indisputably reveals that defendant made no good faith attempts to "do equity to get equity". For example, it is unfathomable why defendant, who lived in the same city as plaintiffs' lawyer, would, on the last day available for redemption, *mail* his out-of-state checks to the lawyer. Further, a "strict" construction of MCLA 600.5744; MSA 27A.5744 is not contrary to the spirit of equity. A 90-day grace period for redemption after default on land contracts is equitable enough. No "unusual circumstances" as contemplated by *Gordon Grossman, supra,* exist in this case to warrant judicial expansion of the provision.

The denial of the motion to quash the writ of restitution is affirmed. Costs to plaintiffs.